*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-30703
30-JUL-2012
10:08 AM**

NO. SCWC-30703

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

DANYELA CASTRO, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30703; CASE NO. 1DTA-10-01758)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and McKenna, JJ.,
and Circuit Judge Border, in place of Duffy, J., recused)

Petitioner Danyela Castro ("Castro") seeks review of the Intermediate Court of Appeals' ("ICA") May 3, 2012 Judgment on Appeal, entered pursuant to its April 4, 2012 Summary Disposition Order ("SDO"), affirming the District Court of the First Circuit's ("district court") July 20, 2010 Judgment and Notice. The district court adjudged Castro guilty of Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaiʻi Revised Statutes ("HRS") § 291E-61(a)(1) (Supp. 2010).[1] We accepted Castro's application for writ of certiorari and now

_____

[1] HRS § 291E-61(a)(1) provided at the time of the alleged offense, the following:

A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle: . . . (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

vacate the ICA's Judgment on Appeal and remand this case to the district court with instructions to dismiss Castro's Complaint without prejudice.

On certiorari, Castro contends that the ICA erred in affirming her judgment of conviction, concluding that mens rea need not be alleged in a Complaint charging a violation of HRS § 291E-61(a)(1).[2]  Days after the ICA issued its decision, this court held that mens rea must be alleged in an HRS § 291E-61(a)(1) charge in order to provide fair notice to the defendant of the nature and cause of the accusation.  State v. Nesmith, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___ (2012).  Without the mens rea allegation, the HRS § 291E-61(a)(1) charge was deficient.  Therefore,

IT IS HEREBY ORDERED that the ICA's Judgment on Appeal is vacated, and this case is remanded to the district court with instructions to dismiss the Complaint without prejudice.[3]

DATED: Honolulu, Hawaiʻi, July 30, 2012.

| | |
|---|---|
| Richard L. Holcomb for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Brian R. Vincent for respondent | /s/ Simeon R. Acoba, Jr. |
| | /s/ Sabrina S. McKenna |
| | /s/ Patrick W. Border |



---

[2]  Castro also contends on certiorari that the ICA erred by (1) holding that the district court may hold a suppression hearing on the same date as trial and incorporate hearing evidence into the trial; and (2) holding that the district court properly denied Castro's motion to suppress.  Based on the facts of this case, Castro's arguments are without merit, and the ICA did not err as to these two issues, which will not be further discussed herein.

[3]  The State has proposed amending pending HRS § 291E-61(a)(1) charges pursuant to Hawaiʻi Rules of Penal Procedure Rule 7(f)(1) post-Nesmith, but Nesmith makes it clear that the remedy for the deficient HRS § 291E-61(a)(1) charges is dismissal without prejudice.